IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

AUG 15 2005

CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | | |
|---|---|---|
| JAMES A. BRYANT, AS NEXT FRIEND OF BOBBY JAMES LEE BRYANT, A MINOR; SYBIL SANCHEZ, TEMPORARY ADMINISTRATRIX OF THE ESTATE OF AMANDA BRYANT, DECEASED; SYBIL SANCHEZ, INDIVIDUALLY; BOB LEMMONS & LLOYD LIZAKOWSKI, | § § § § § § § § | |
| PLAINTIFFS, | § § | Civil Action No.  7-04CV-114-R (Jury) |
| V. | § § | |
| GIACOMINI, S.p.A., | § § | |
| DEFENDANT. | § § | |

## DEFENDANT GIACOMINI, S.p. A.'S MOTION TO DESIGNATE THERMAGAS, INC. AS RESPONSIBLE THIRD PARTY AND SETTLING PERSON

COMES NOW, Defendant Giacomini, S.p.A. ("Giacomini" or "Defendant") and pursuant to 33.004 of the Texas Civil Practice & Remedies Code, files this Motion to Designate Thermagas, Inc. ("Thermagas") as Responsible Third Party and Settling Person herein and would respectfully show the Court as follows:

### I. FACTUAL BACKGROUND

1.      Plaintiffs James A. Bryant, as Next Friend of Bobby James Lee Bryant, a Minor; Sybil Sanchez, Temporary Administratrix of the Estate of Amanda Bryant, Deceased; Sybil Sanchez, Individually; Bob Lemmons; and Lloyd Lizakowski filed this suit in the United States District Court for the Northern District of Texas, Wichita Falls Division. Plaintiffs brought this suit solely against Defendant Giacomini.

2.      The Plaintiffs brought this case to recover for injuries alleged to have occurred on or about June 17, 2002 at 8:00 a.m. *See* Plaintiffs' Original Complaint, ¶4. Plaintiffs allege injuries resulting from a fire in a trailer in Bowie, Montague County, Texas. *Id*. Plaintiffs Amanda Bryant, Bobby James Lee Bryant (a minor), and Lloyd Lizakowski were present at the time of the fire. *Id*.

3.      Plaintiffs allege that at some time prior to the fire, a space heater had been present in the trailer, but had subsequently been removed. *Id*. A valve between a supply of propane and the space heater remained in place after removal of the space heater. *Id*. Plaintiffs further allege that the minor child, Bobby James Lee Bryant (four years old at the time of the accident), turned the heater valve on allowing propane gas to spread to an ignition source in the trailer. *Id*. Bobby James Lee Bryant, Amanda Bryant, and Lloyd Lizakowski suffered burn injuries from the resulting fire. Amanda Bryant eventually died from her injuries.

4.      On or about June 14, 2004, Plaintiffs sued Defendant Giacomini, the alleged manufacturer of the valve at issue, for their injuries. Prior to suing Defendant Giacomini, Plaintiffs settled with Thermagas for their injuries. *See* Exhibit 1, Request for Admission Responses of Plaintiffs Sybil Sanchez, James Bryant and Lloyd Lizakowski. Thermagas is not a party to this lawsuit. Thermagas is an LP supplier located in Bowie, Montague County, Texas. *See* Exhibit 2, Deposition of Darren Gill ("Gill Dep.") at p. 16, l. 7-12. Thermagas, Inc. was the supplier of LP to the trailer at issue. *See* Gill Dep. at p. 16, l. 19-25. As part of supplying the LP to the trailer, Thermagas conducted an inspection, known as a soak test, of the gas lines found at the trailer. *See* Gill dep., p. 28, l. 20 through p. 29, l. 13, p. 36, l. 10 through p. 37, l. 8. In conducting the inspection, Thermagas failed to locate, and thus failed to inspect, the gas valve that is at issue in this case. *See* Gill dep., p. 37, l. 19-22, p. 51, l. 23 through p. 52, l. 6; p. 53, l.

24 through p. 54, l. 15, p. 54, l. 23 through p. 55, l. 12. Thus, Thermagas failed to ascertain that

the valve at issue did not have an appliance connected to it and was not capped. *Id.*; *see also* Gill

dep. p. 59, l. 2-24. It is undisputed that the relevant codes required that the valve at issue be

capped. *See* Gill dep. p. 59, l. 5-14; Exhibit 3, Deposition of Richard Forbes ("Forbes Dep.") at

p. 94, lines 8-16, p. 147, line 24 through p. 148, line 18; Exhibit 4, Deposition of Doug Page[1]

("Page Dep.") at p. 39, l. 3-16. Had Thermagas found the valve at issue, its employee would

have capped the valve. *See* Gill dep. p. 59, l. 2-24. Had the valve been capped, gas could not

have escaped from the valve regardless of whether the valve was open or closed. *See* Page Dep.

p. 39, l. 17 through p. 40, l. 1; Forbes Dep., p. 156, lines 6-13. Indeed, Plaintiffs' expert witness

in this case believes that Thermagas was negligent. *See* Forbes Dep., p. 151, lines 12-16, p. 156,

lines 1-13, p. 157, line 18 through p. 158, line 4.

## IV. ARGUMENTS AND AUTHORITIES

5.      The jurisdiction of this Court exists on the basis of diversity of citizenship

pursuant to 28 U.S.C. §1332. When a federal court has diversity jurisdiction over a state law

cause of action, state substantive law and federal procedural law govern the action. *Hanna v.*

*Plumer*, 380 U.S. 460, 465 (1965). Therefore, state rules that reflect *substantive state policies*

will apply to state law claims brought in federal court, as long as those state rules do not conflict

with clearly applicable federal rules. *Exxon Corp. v. Burglin*, 42 F.3d 948, 950 (5th Cir. 1995).

6.      In this matter, Defendant does not seek to add Thermagas as a third-party

Defendant under Fed. R. Civ. P. 14. Therefore, the requirements of Rule 14 do not apply. Rule

14 does not provide the underlying framework for proportionate responsibility that federal courts

apply in diversity actions. Although Rule 14 dictates how third parties may be joined, Texas law

---

[1] Doug Page is the Fire Chief and Fire Marshall for the city of Bowie, Texas. *See* Page Dep. p. 7, l. 9-13. Mr. Page participated in the investigation of fire at issue in this case. *See* Page Dep. p. 12, l. 5-20.

governs the percentage of responsibility assigned to designated responsible third-parties, and should be binding on federal courts sitting in diversity. *Cf. Cities Serv. Oil Co. v. Dunlap*, 308 U.S. 208 (1939) (principles reaffirmed in *American Dredging Co. v. Miller*, 510 U.S. 443, 453 (1994)) (Texas law on who has burden of proving particular fact is substantive for *Erie* purposes).

7.      Defendant seeks to apply the substantive laws of Texas regarding apportioning responsibility among those persons alleged to have caused or contributed Plaintiffs' injuries as permitted in Tex. Civ. Prac. & Rem. Code § 33.003 and § 33.004. Section 33.004 substantively effects the allocation of the percentage of responsibility among parties, whether actually joined under Rule 14 or not. Thus Section 33.004 is a substantive state policy regarding proportionate responsibility.

8.      Federal courts apply Tex. Civ. Prac. & Rem. Code § 33.001 to prohibit a claimant from recovering when his percentage of responsibility is determined to be greater than 50 percent. *See Streber v. Hunter*, 221 F.3d 701, 726 f.n. 35 (5th Cir. 2000); *Federal Sav. and Loan Ins. Corp. v. Texas Real Estate Counselors*, 955 F.2d 261, 268 (5th Cir. 1992). Likewise, § 33.003 and § 33.004 should apply to Plaintiffs state law claims as they represent the substantive laws of Texas. *See Bueno v. Cott Beverages, Inc.*, 2005 WL 647026 (Feb. 8, 2005) (slip copy) (applying § 33.004 to diversity personal injury case). (*See* Exhibit 5)

9.      A responsible third party is "any person who is alleged to have caused or contributed to causing in anyway the harm for which recovery of damages is sought. . ." TEX. CIV. PRAC.& REM. CODE §33.011 (6). A court must grant leave to designate a responsible third party unless an objection is timely filed. *Id.* §33.004(f). Even if an objection is filed, leave must still be granted unless the Movant fails to plead sufficient facts concerning the alleged

responsibility of the third party. *Id.* §33.004(g). A jury is to determine a responsible third party's percentage of responsibility for causing or contributing to a plaintiff's injuries. TEX. CIV. PRAC.& REM. CODE §33.003.

10.      A motion for leave to designate a responsible third party must be filed on or before the 60th day before trial unless the Court finds good cause to allow the Motion to be filed at a later date. *Id.* §33.004(a). This Motion for Leave has been filed timely. Trial of this matter is set for November 2005. This Motion is being filed before the sixtieth day before the trial date and therefore is made timely.

11.      Giacomini would show that Thermagas' acts or omissions, or any combination thereof, was the sole cause or a contributing cause of the injuries for which the Plaintiffs seek recovery in this action. As described above, Thermagas failed to cap the valve that is the subject of this lawsuit, as required by applicable code. Furthermore, as indicated above, Plaintiffs' own expert believes Thermagas to have been negligent. As such, Thermagas should be designated in this suit as a Responsible Third Party and the jury should be allowed to consider its acts or omissions and apportion responsibility as they deem appropriate.

12.      Prior to filing suit, the Plaintiffs entered into settlements with Thermagas, as described above. A Settling Person is "a person who has, at any time, paid or promised to pay money or anything of monetary value to a claimant in consideration of potential liability". TEX.CIV.PRAC.& REM. CODE §33.011(5). Pursuant to Texas Civil Practice & Remedies Code Section 33.012(b), Giacomini seeks an Order from this Court finding Thermagas to be a "settling person" and ordering that the jury shall be afforded an opportunity to apportion the responsibility of Thermagas.

## VIII. PRAYER

WHEREFORE, PREMISES CONSIDERED, Giacomini asks this Court to grant its Motion for Leave to Designate Thermagas, Inc. as a Responsible Third Party and enter an Order finding that Thermagas is a settling person as defined by Chapter 33 of the Texas Civil Practice & Remedies Code.

Respectfully submitted,

John W. Weber, Jr.
State Bar No. 21046500
Joseph A. Bourbois
State Bar No. 00790342
Fulbright & Jaworski L.L.P.
300 Convent Street, Suite 2200
San Antonio, Texas 78205-3792
Telephone: (210) 224-5575
Facsimile: (210) 270-7205

Kenneth C. Meixelsperger
State Bar No. 24031596
Fulbright & Jaworski L.L.P.
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201
Telephone: (214) 855-8100
Facsimile: (214) 855-8200

Counsel for Defendant GIACOMINI, S.p.A.

## CERTIFICATE OF CONFERENCE

Pursuant to Federal Rules of Civil Procedure on August _12_, 2005, I conferred with opposing counsel regarding the relief requested in this Motion and no agreement could be reached. Therefore, this Motion is being submitted to the Court for determination.

John W. Weber, Jr.

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing pleading has been sent to all known counsel of record on this ___12th___ day of ___August___, 2005.

John W. Weber, Jr.

**EXHIBIT 1**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| JAMES A. BRYANT, AS NEXT | § | |
| FRIEND OF BOBBY JAMES LEE | § | |
| BRYANT, a Minor; SYBIL SANCHEZ, | § | |
| TEMPORARY ADMINISTRATRIX | § | |
| OF THE ESTATE OF AMANDA | § | |
| BRYANT, DECEASED; SYBIL | § | |
| SANCHEZ, INDIVIDUALLY; BOB | § | |
| LEMMONS & LLOYD LIZAKOWSKI | § | |
| **Plaintiffs** | § | |
| | § | CIVIL ACTION NO.  7-04CV-114-R |
| vs. | § | (Jury) |
| | § | |
| GIACOMINI, S.p.A. | § | |
| **Defendant** | § | |

PLAINTIFF JAMES A.  BRYANT, AS NEXT FRIEND OF BOBBY JAMES LEE
BRYANT, A MINOR'S  RESPONSES TO DEFENDANT GIACOMINI, S.p.A.'S
REQUESTS FOR ADMISSIONS

TO:     Defendant Giacomini, S.p.A., by and through his attorneys of record:

Mr.  John W.  Weber, Jr.
Mr.  Joe Bourbois
**Fulbright & Jaworski, L.L.P.**
300 Convent Street, Suite 2200
San Antonio, Texas 78205-3792

Plaintiff James A.  Bryant, as Next Friend of Bobby James Lee Bryant, a Minor, pursuant

to Rule 36 of the Federal Rules of Civil Procedure serves the following Responses to Requests

for Admissions to Defendant Giacomini, S.p.A.



Respectfully submitted,

_Charles E. Perry_

Charles E.  Perry
State Bar No.  15799700
1101 Scott Street, Suite 17
Wichita Falls, Texas 76301
Telephone: (940) 761-3344
Facsimile: (940) 761-3355

Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the following Responses to Requests for Admissions has been sent via United States First Class Mail to:

Mr.  John W.  Weber
Mr.  Joe Bourbois
**Fulbright & Jaworski, L.L.P.**
300 Convent Street, Suite 2200
San Antonio, Texas 78205-3792

on this the ___7___ day of ~~May~~, 2005.
                    June

_Charles E. Perry_

Charles E.  Perry

## RESPONSES TO REQUEST FOR ADMISSIONS

### REQUEST FOR ADMISSION NO. 1:

Please admit or deny that Exhibit "A" to these Requests for Admissions is a complete and accurate copy of a Release entered into between you and Thermagas, Inc., and Muenster Livestock Auction Commission, Inc. d/b/a Bowie Livestock Auction.

RESPONSE:

*Admit.*

### REQUEST FOR ADMISSION NO. 2:

Please admit or deny that you received $110,000 in settlement from Thermagas, Inc. for any and all claims or causes of action you have related to any alleged injuries or damages arising out of the fire incident of June 17, 2002.

RESPONSE:

*Admit.*

### REQUEST FOR ADMISSION NO. 3:

Please admit or deny that you received $20,000 in settlement from Muenster Livestock Auction Commission, Inc. d/b/a Bowie Livestock Auction for any and all claims or causes of action you have related to any alleged injuries or damages arising out of the fire incident of June 17, 2002.

RESPONSE:

*Admit.*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| JAMES A. BRYANT, AS NEXT FRIEND OF BOBBY JAMES LEE BRYANT, A MINOR; SYBIL SANCHEZ, TEMPORARY ADMINISTRATRIX OF THE ESTATE OF AMANDA BRYANT, DECEASED; SYBIL SANCHEZ, INDIVIDUALLY; BOB LEMMONS & LLOYD LIZAKOWSKI, | § § § § § § § § § | |
| | § | Civil Action No. 7-04CV-114-R |
| PLAINTIFFS, | § § | (Jury) |
| V. | § § | |
| GIACOMINI, S.p.A., | § § | |
| DEFENDANT. | § | |

**DEFENDANT GIACOMINI, S.p. A.'S REQUESTS
FOR ADMISSIONS TO PLAINTIFF JAMES A. BRYANT,
AS NEXT FRIEND OF BOBBY JAMES LEE BRYANT, A MINOR**

TO:   Plaintiff James A. Bryant, as Next Friend of Bobby James Lee Bryant, a Minor, by and through his attorneys of record:

Mr. Charles E. Perry
**BALCH, PERRY, RASMUSSEN AND SOUTHARD**
1101 Scott Avenue, Suite 17
P.O. Box 8185
Wichita Falls, Texas 76301-8185

Mr. Gregory L. Underwood
607-B Lindsay Street
P.O. Box 151
Bowie, Texas 76230

Defendant Giacomini, S.p.A., pursuant to Rule 36 of the Federal Rules of Civil

Procedure, serves the following Requests for Admissions to Plaintiff James A. Bryant, as Next

Friend of Bobby James Lee Bryant, a Minor, to be answered within 30 days after service of

same.

Respectfully submitted,

John W. Weber, Jr.
State Bar No. 21046500
Joe Bourbois
State Bar No. 00790342
300 Convent Street, Suite 2200
San Antonio, Texas 78205-3792
Telephone: (210) 224-5575
Facsimile: (210) 270-7205

OF COUNSEL:
FULBRIGHT & JAWORSKI L.L.P.

Counsel for Defendant GIACOMINI, S.p.A.

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the following Requests for Admissions
has been sent via certified mail, return receipt requested to:

Mr. Charles E. Perry
**BALCH, PERRY, RASMUSSEN AND
SOUTHARD**
1101 Scott Avenue, Suite 17
P.O. Box 8185
Wichita Falls, Texas 76301-8185

Mr. Gregory L. Underwood
607-B Lindsay Street
P.O. Box 151
Bowie, Texas 76230

on this 16th day of May, 2005.

John W. Weber, Jr.

## REQUESTS FOR ADMISSIONS

### REQUEST FOR ADMISSION NO. 1:

Please admit or deny that Exhibit "A" to these Requests for Admissions is a complete and accurate copy of a Release entered into between you and Thermagas, Inc., and Muenster Livestock Auction Commission, Inc. d/b/a Bowie Livestock Auction.

RESPONSE:

### REQUEST FOR ADMISSION NO. 2:

Please admit or deny that you received $110,000 in settlement from Thermagas, Inc. for any and all claims or causes of action you have related to any alleged injuries or damages arising out of the fire incident of June 17, 2002.

RESPONSE:

### REQUEST FOR ADMISSION NO. 3:

Please admit or deny that you received $20,000 in settlement from Muenster Livestock Auction Commission, Inc. d/b/a Bowie Livestock Auction for any and all claims or causes of action you have related to any alleged injuries or damages arising out of the fire incident of June 17, 2002.

RESPONSE:



## FULL AND FINAL RELEASE AND AGREEMENT

STATE OF TEXAS      §
                   §     **KNOW ALL MEN BY THESE PRESENTS:**
COUNTY OF DALLAS   §

For and in consideration the sum of **ONE HUNDRED TEN THOUSAND AND NO/DOLLARS ($110,000.00)**, to be paid by **THERMAGAS, INC.**, and the sum of **TWENTY THOUSAND AND NO/DOLLARS ($20,000.00)**, to be paid by or on behalf of **MUENSTER LIVESTOCK AUCTION COMMISSION, INC. D/B/A BOWIE LIVESTOCK AUCTION**, the mutual covenants contained herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged and confessed, the undersigned, **JAMES A. BRYANT AS NEXT FRIEND OF BOBBY JAMES LEE LORD BRYANT, A MINOR**, for himself, his heirs, his spouses, executors, administrators, estate, legal representatives, assigns and all others claiming under them (hereinafter collectively referred to as **"RELEASING PARTIES"**); do hereby fully and completely compromise, settle, remise, release and forever discharge **THERMAGAS, INC., NOBEL INSURANCE SERVICES, LANCER INSURANCE GROUP and HERMES SARGENT BATES, L.L.P., MUENSTER LIVESTOCK AUCTION COMMISSION, INC. D/B/A BOWIE LIVESTOCK AUCTION, ONEBEACON LLOYD'S OF TEXAS and ONEBEACON INSURANCE**, and all of the above parties' past and present agents, servants, legal representatives, employees, and any and all other persons, business entities, firms, organizations or corporations in privity with these named parties, whether named herein or not (hereinafter collectively referred to as the **"RELEASED PARTIES"**) from any and all claims, debts, demands, actions, causes of action, lawsuits, sums of money, contracts, agreements, judgments and liabilities whatsoever, including claims for

FULL AND FINAL RELEASE AND AGREEMENT - Page 1
#158913

property damage, loss of use of property, diminution of value of property, rental expenses, personal injuries, wrongful death, survival, including own claims and those for whom any Releasing Party may constitute an lien or beneficiary, exemplary damages, negligent entrustment, mental anguish, breach of contract, bad faith, breach of duty of good faith and fair dealing, violations of the Insurance Code or the Texas Deceptive Trade Practices Act, both at law and in equity (hereinafter collectively referred to as "Claims"), which the **RELEASING PARTIES** ever had, now has or may hereafter have against any of the **RELEASED PARTIES**, jointly or severally, for or by reason of any matter, cause or thing whatsoever occurring prior to the date of this instrument, whether known or unknown, suspected or unsuspected, arising, directly or indirectly, and including, without in any way limiting the generality of the foregoing, any Claims which in any way relate to, arise out of or are in any way connected with the alleged injuries and damages arising out an incident on or about June 17, 2002.

For the aforesaid consideration, the **RELEASING PARTIES**, hereby agree on behalf of themselves and their assigns, never to bring suit in any court against any or all of the **RELEASED PARTIES** with respect to any Claims which in any way relate to, arise out of or are in any way connected with the alleged injuries and damages arising out of an incident on or about June 17, 2002. The **RELEASING PARTIES** agree to fully and completely indemnify and hold harmless the **RELEASED PARTIES** for all costs and expenses, claims, losses, causes of action, suits, liability of any kind, whether directly or indirectly, for contribution or indemnity, or otherwise, incurred by them in the event anyone ever institutes suit or files a claim against any one or all of the **RELEASED PARTIES** with respect to the allegations which are, or could have been, the subject matter of the above-mentioned incident, regardless of whether such claims arise in whole or in part by the negligence of the **RELEASED PARTIES**; such indemnification shall

include, but is not limited to, legal fees, court costs, reasonable and necessary litigation expenses, costs for investigation and preparation of any defense, as well as any pre-judgment or post-judgment awards on a judgment amount, and amount of any judgment

The **RELEASING PARTIES** herein acknowledge that the **RELEASED PARTIES** have denied and continue to deny all allegations made by the **RELEASING PARTIES** in, or in connection with, the above-described incident, and that the settlement of the above-described claims, the payment of the above-described sums, and any other actions taken by the **RELEASED PARTIES** in connection therewith, shall not be deemed or construed as an admission of liability of any of the **RELEASED PARTIES** or an admission of the truthfulness of any of the allegations made by the **RELEASING PARTIES** and/or their attorneys. Rather, the **RELEASING PARTIES** acknowledge said actions have been taken in order to avoid the expense and inconvenience of prosecution of a lawsuit.

The **RELEASING PARTIES** further acknowledge and agree that this Release and Agreement is a general release of all claims against the **RELEASED PARTIES** that they currently have or might have, as well as any and all future claims, and they further expressly waive and assume the risk of any and all claims for damages which might exist as of this date, but which the **RELEASING PARTIES** do not know or do not expect to exist, whether through ignorance, oversight, error, negligence, or otherwise, and which, if known, would materially affect their decision to enter into this Release and Agreement. The **RELEASING PARTIES** further agree that they have accepted consideration specified herein as a complete compromise of matters involving disputed issues of law and fact and that they fully assume the risk that the facts or the law may be otherwise than they believe.

The **RELEASING PARTIES** further represent and warrant that all bills for doctor, hospital, drug, or other health care expenses, past and future, for which anyone could set a lien upon the settlement have already been paid or are now being paid out of this settlement, and therefore there will be no unpaid bills. The **RELEASING PARTIES** further understand and agree that, in the unlikely event that there are outstanding medical expenses or other health care expenses, the **RELEASING PARTIES** will pay or be solely responsible for paying all doctor, hospital, drug or other health care expenses, past and future, incurred by, for or on behalf of the **RELEASING PARTIES**. The **RELEASING PARTIES** expressly agree to defend, indemnify and hold harmless the **RELEASED PARTIES** from any liability or claim of liability for the payment of such doctor, hospital, drug or other health care expenses, and from any liability, claim of liability or lien, known or unknown, that has been or may be alleged under any federal, state or municipal law, statute or ordinance or otherwise, regardless of whether such claim arises in whole or in part by the negligence of the **RELEASED PARTIES**. Such indemnification shall include, but is not limited to, the amounts of said claims and the cost of defending them, including attorneys' fees and court cost.

The **RELEASING PARTIES** represent and warrant that they are the sole owners of the claims being released herein, and that they have not transferred, assigned, subrogated or otherwise encumbered said claims or any part thereof.

The **RELEASING PARTIES** represent and warrant that they have made a full and complete investigation of circumstances surrounding the facts of the above-referenced cause and this Release and Agreement, aided by their legal counsel, and that they have full knowledge of all facts involved and have authority to enter into and execute the Full and Final Release and Agreement.

The **RELEASING PARTIES** further represent and warrant that they understand this to be a full, final and complete settlement, and one which cannot be reopened at any time in the future regardless of what might take place or later occur.

In making this Release and Agreement, the **RELEASING PARTIES** have not relied upon any statements or representations pertaining to this matter made by the **RELEASED PARTIES** or by any person or persons representing the **RELEASED PARTIES**.

The **RELEASING PARTIES** represent and warrant that they have carefully read this Release and Agreement, understand the contents thereof, that they have conferred fully with their attorneys concerning the contents and legal consequences of the execution thereof and that they execute this Release and Agreement of their own free will, act and deed.

Any and all claims against the **RELEASED PARTIES** not specifically released herein, if any, which are in any way related to or arise out of matters which are the subject of the above-described incident or could have been asserted as a result of the above-described incident are hereby assigned in full to the **RELEASED PARTIES**.

If any provision of this Release and Agreement is prohibited by law, such prohibition shall not affect the validity of the remaining provisions of this Release and Agreement.

This Release and Agreement shall be governed by and construed in accordance with the laws of the State of Texas in all respects, including matters of construction, interpretation, validity and enforcement.

This Release and Agreement contains the entire agreement between the parties hereto, and the terms of this Release are contractual and not mere recitals.

WITNESS OUR HANDS on this the _14_ day of _May_, 2004

JAMES A. BRYANT, AS NEXT FRIEND
OF BOBBY JAMES LEE LORD BRYANT,
A MINOR

APPROVED AS TO FORM:

BALCH, PERRY, RASMUSSEN AND SOUTHARD

BY.  _____
     CHARLES E. PERRY
     State Bar No. 15799700

1101 Scott Avenue, #17
Wichita Falls, Texas 76301
(940) 761-3344 Telephone
(940) 761-3355 Facsimile

ATTORNEYS FOR JAMES A. BRYANT AS
NEXT FRIEND OF BOBBY JAMES LEE LORD BRYANT, A MINOR

HERMES SARGENT BATES, L.L.P.

BY: _____

**DAVID L. SARGENT**
State Bar No. 17648700
**CHUCK W. SHIVER II**
State Bar No. 00792832

1717 Main Street, Suite 3200
Dallas, Texas 75201
(214) 658-6500 Telephone
(214) 658-6300 Facsimile

**ATTORNEYS FOR THERMAGAS, INC.**

TOUCHSTONE, BERNAYS, JOHNSTON, BEALL, SMITH & STOLLENWERCK, L.L.P.

BY: _____

R. WAYNE GORDON
State Bar No. 08206500
OSCAR J. ZEVALLOS
State Bar No. 24013798

4700 Renaissance Tower
1201 Elm Street
Dallas, Texas 75270-2196
(214) 741-1166 Telephone
(214) 741-7548 Facsimile

**ATTORNEYS FOR MUENSTER
LIVESTOCK AUCTION COMMISSION, INC.
D/B/A BOWIE LIVESTOCK AUCTION**

LAW OFFICE OF JOHN W. SWENSON, JR.


BY _____
    JOHN W. SWENSON, JR.
    State Bar No 1957 55 40


119 W Gilbert St
Henrietta TX 76365
(940) 538-4288   Telephone
(940) 677-9962 Facsimile
413

**GUARDIAN AD LITEM FOR
BOBBY JAMES LEE LORD BRYANT, A MINOR**

STATE OF ~~TEXAS~~ TENNESSEE      §
                                 §
COUNTY OF <u>MONTGOMERY</u>       §

BEFORE ME, the undersigned authority, on this day personally appeared JAMES A.

BRYANT AS NEXT FRIEND OF BOBBY JAMES LEE LORD BRYANT, A MINOR,

known to me to be the person whose name is subscribed to the foregoing instrument, and

acknowledged to me that he has read the foregoing, and fully understands it to be a complete

release of all claims as described therein, and an agreement of indemnity as described therein,

and that he executed the same for the purposes and consideration expressed therein.

GIVEN UNDER MY HAND AND SEAL OF OFFICE this <u>14TH</u> day of

<u>May</u>, 2004.

<u>JAMES A. BRYANT AS NEXT FRIEND</u>
OF BOBBY JAMES LEE LORD
BRYANT, A MINOR

<u>Notary Public in and for</u>
The State of ~~Texas~~ Tennessee

<u>LAURA PAYNE</u>
Notary's Printed Name

My Commission Expires:

<u>1/27/07</u>

FULL AND FINAL RELEASE AND AGREEMENT - Page 11
#158913

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION**

| | | |
|---|---|---|
| JAMES A. BRYANT, AS NEXT | § | |
| FRIEND OF BOBBY JAMES LEE | § | |
| BRYANT, a Minor; SYBIL SANCHEZ, | § | |
| TEMPORARY ADMINISTRATRIX | § | |
| OF THE ESTATE OF AMANDA | § | |
| BRYANT, DECEASED; SYBIL | § | |
| SANCHEZ, INDIVIDUALLY; BOB | § | |
| LEMMONS & LLOYD LIZAKOWSKI | § | |
| Plaintiffs | § | |
| | § | **CIVIL ACTION NO. 7-04CV-114-R** |
| vs. | § | **(Jury)** |
| | § | |
| GIACOMINI, S.p.A. | § | |
| Defendant | § | |

**PLAINTIFF LLOYD LIZAKOWSKI'S RESPONSES
TO DEFENDANT GIACOMINI, S.p.A.'S
<u>REQUESTS FOR ADMISSIONS</u>**

TO:   Defendant Giacomini, S.p.A., by and through his attorneys of record:

    Mr. John W. Weber, Jr.
    Mr. Joe Bourbois
    **Fulbright & Jaworski, L.L.P.**
    300 Convent Street, Suite 2200
    San Antonio, Texas 78205-3792

    Plaintiff Lloyd Lizakowski, pursuant to Rule 36 of the Federal Rules of Civil Procedure

serves the following Responses to Requests for Admissions to Defendant Giacomini, S.p.A.



Respectfully submitted,

_Charles E. Perry_

Charles E.  Perry
State Bar No.  15799700
1101 Scott Street, Suite 17
Wichita Falls, Texas 76301
Telephone: (940) 761-3344
Facsimile: (940) 761-3355

Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the following Responses to Requests for Admissions has been sent via United States First Class Mail to:

Mr.  John W.  Weber
Mr.  Joe Bourbois
**Fulbright & Jaworski, L.L.P.**
300 Convent Street, Suite 2200
San Antonio, Texas 78205-3792

on this the _____ day of May, 2005.
                           June

_Charles E. Perry_

Charles E.  Perry

## RESPONSES TO REQUEST FOR ADMISSIONS

### REQUEST FOR ADMISSION NO. 1:

Please admit or deny that Exhibit "A" to these Requests for Admissions is a complete and accurate copy of a Release entered into between you and Thermagas, Inc., and Muenster Livestock Auction Commission, Inc. d/b/a Bowie Livestock Auction.

RESPONSE:

    *Admit.*

### REQUEST FOR ADMISSION NO. 2:

Please admit or deny that you received $30,000 in settlement from Thermagas, Inc. for any and all claims or causes of action you have arising out of the fire incident of June 17, 2002..

RESPONSE:

    *Admit.*

### REQUEST FOR ADMISSION NO. 3:

Please admit or deny that you received $5,000 in settlement from Muenster Livestock Auction Commission, Inc. d/b/a Bowie Livestock Auction for any and all claims or causes of action you have related to any alleged injuries and damages arising out of the fire incident of June 17, 2002.

RESPONSE:

*Admit.*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| JAMES A. BRYANT, AS NEXT FRIEND | § | |
| OF BOBBY JAMES LEE BRYANT, A | § | |
| MINOR; SYBIL SANCHEZ, | § | |
| TEMPORARY ADMINISTRATRIX OF | § | |
| THE ESTATE OF AMANDA BRYANT, | § | |
| DECEASED; SYBIL SANCHEZ, | § | |
| INDIVIDUALLY; BOB LEMMONS & | § | |
| LLOYD LIZAKOWSKI, | § | Civil Action No. 7-04CV-114-R |
| | § | (Jury) |
| PLAINTIFFS, | § | |
| | § | |
| V. | § | |
| | § | |
| GIACOMINI, S.p.A., | § | |
| | § | |
| DEFENDANT. | § | |

**DEFENDANT GIACOMINI, S.p. A.'S REQUESTS**
**FOR ADMISSIONS TO PLAINTIFF LLOYD LIZAKOWSKI**

TO:    Plaintiff Lloyd Lizakowski, by and through his attorneys of record:

Mr. Charles E. Perry
**BALCH, PERRY, RASMUSSEN AND SOUTHARD**
1101 Scott Avenue, Suite 17
P.O. Box 8185
Wichita Falls, Texas 76301-8185

Mr. Gregory L. Underwood
607-B Lindsay Street
P.O. Box 151
Bowie, Texas 76230

Defendant Giacomini, S.p.A., pursuant to Rule 36 of the Federal Rules of Civil

Procedure, serves the following Requests for Admissions to Plaintiff Lloyd Lizakowski to be

answered within 30 days after service of same.

Respectfully submitted,

John W. Weber, Jr.
State Bar No. 21046500
Joe Bourbois
State Bar No. 00790342
300 Convent Street, Suite 2200
San Antonio, Texas 78205-3792
Telephone: (210) 224-5575
Facsimile: (210) 270-7205

OF COUNSEL:
FULBRIGHT & JAWORSKI L.L.P.

Counsel for Defendant GIACOMINI, S.p.A.

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the following Requests for Admissions has been sent via certified mail, return receipt requested to:

Mr. Charles E. Perry
BALCH, PERRY, RASMUSSEN AND
SOUTHARD
1101 Scott Avenue, Suite 17
P.O. Box 8185
Wichita Falls, Texas 76301-8185

Mr. Gregory L. Underwood
607-B Lindsay Street
P.O. Box 151
Bowie, Texas 76230

on this 16th day of May, 2005.

John W. Weber, Jr.

## REQUESTS FOR ADMISSIONS

### REQUEST FOR ADMISSION NO. 1:

Please admit or deny that Exhibit "A" to these Requests for Admissions is a complete and accurate copy of a Release entered into between you and Thermagas, Inc., and Muenster Livestock Auction Commission, Inc. d/b/a Bowie Livestock Auction.

RESPONSE:

### REQUEST FOR ADMISSION NO. 2:

Please admit or deny that you received $30,000 in settlement from Thermagas, Inc. for any and all claims or causes of action you have related to any alleged injuries and damages arising out of the fire incident of June 17, 2002.

RESPONSE:

### REQUEST FOR ADMISSION NO. 3:

Please admit or deny that you received $5,000 in settlement from Muenster Livestock Auction Commission, Inc. d/b/a Bowie Livestock Auction for any and all claims or causes of action you have related to any alleged injuries and damages arising out of the fire incident of June 17, 2002.

RESPONSE:

## FULL AND FINAL RELEASE AND AGREEMENT

STATE OF TEXAS           §
                         §     KNOW ALL MEN BY THESE PRESENTS:
COUNTY OF DALLAS         §

For and in consideration the sum of **THIRTY THOUSAND AND NO/DOLLARS** (**$30,000.00**), to be paid by **THERMAGAS, INC.**, and the sum of **FIVE THOUSAND AND NO/DOLLARS** (**$5,000.00**), to be paid by or on behalf of **MUNSTER LIVESTOCK AUCTION COMMISSION, INC.** and/or **MUNSTER LIVESTOCK AUCTION**, the mutual covenants contained herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged and confessed, the undersigned, **LLOYD JAMES LIZAKOWSKI**, for himself, his heirs, his spouses, executors, administrators, estate, legal representatives, assigns and all others claiming under them (hereinafter collectively referred to as "**RELEASING PARTIES**"); do hereby fully and completely compromise, settle, remise, release and forever discharge **THERMAGAS, INC., NOBEL INSURANCE SERVICES, LANCER INSURANCE GROUP and HERMES SARGENT BATES, L.L.P., MUNSTER LIVESTOCK AUCTION COMMISSION, INC., MUNSTER LIVESTOCK AUCTION, ONEBEACON LLOYD'S OF TEXAS and ONEBEACON INSURANCE**, and all of the above parties' past and present agents, servants, legal representatives, employees, and any and all other persons, business entities, firms, organizations or corporations in privity with these named parties, whether named herein or not (hereinafter collectively referred to as the "**RELEASED PARTIES**") from any and all claims, debts, demands, actions, causes of action, lawsuits, sums of money, contracts, agreements, judgments and liabilities whatsoever, including claims for property damage, loss of use of property, diminution of value of property, rental expenses,

**FULL AND FINAL RELEASE AND AGREEMENT - Page** 1
#154673

personal injuries, exemplary damages, negligent entrustment, mental anguish, breach of contract, bad faith, breach of duty of good faith and fair dealing, violations of the Insurance Code or the Texas Deceptive Trade Practices Act, both at law and in equity (hereinafter collectively referred to as "Claims"), which the **RELEASING PARTIES** ever had, now has or may hereafter have against any of the **RELEASED PARTIES**, jointly or severally, for or by reason of any matter, cause or thing whatsoever occurring prior to the date of this instrument, whether known or unknown, suspected or unsuspected, arising, directly or indirectly, and including, without in any way limiting the generality of the foregoing, any Claims which in any way relate to, arise out of or are in any way connected with the alleged injuries and damages arising out of an incident on or about June 17, 2002.

For the aforesaid consideration, the **RELEASING PARTIES**, hereby agree on behalf of themselves and their assigns, never to bring suit in any court against any or all of the **RELEASED PARTIES** with respect to any Claims which in any way relate to, arise out of or are in any way connected with the alleged injuries and damages arising out of an incident on or about June 17, 2002. The **RELEASING PARTIES** agree to fully and completely indemnify and hold harmless the **RELEASED PARTIES** for all costs and expenses, claims, losses, causes of action, suits, liability of any kind, whether directly or indirectly, for contribution or indemnity, or otherwise, incurred by them in the event anyone ever institutes suit or files a claim against any one or all of the **RELEASED PARTIES** with respect to the allegations which are, or could have been, the subject matter of the above-mentioned incident, regardless of whether such claims arise in whole or in part by the negligence of the **RELEASED PARTIES**; such indemnification shall include, but is not limited to, legal fees, court costs, reasonable and necessary litigation expenses, costs for investigation and preparation of any defense, as well as any pre-judgment or post-

judgment awards on a judgment amount, and amount of any judgment.

The **RELEASING PARTIES** herein acknowledge that the **RELEASED PARTIES** have denied and continue to deny all allegations made by the **RELEASING PARTIES** in, or in connection with, the above-described incident, and that the settlement of the above-described claims, the payment of the above-described sums, and any other actions taken by the **RELEASED PARTIES** in connection therewith, shall not be deemed or construed as an admission of liability of any of the **RELEASED PARTIES** or an admission of the truthfulness of any of the allegations made by the **RELEASING PARTIES** and/or their attorneys. Rather, the **RELEASING PARTIES** acknowledge said actions have been taken in order to avoid the expense and inconvenience of prosecution of a lawsuit.

The **RELEASING PARTIES** further acknowledge and agree that this Release and Agreement is a general release of all claims against the **RELEASED PARTIES** that they currently have or might have, as well as any and all future claims, and they further expressly waive and assume the risk of any and all claims for damages which might exist as of this date, but which the **RELEASING PARTIES** do not know or do not expect to exist, whether through ignorance, oversight, error, negligence, or otherwise, and which, if known, would materially affect their decision to enter into this Release and Agreement. The **RELEASING PARTIES** further agree that they have accepted consideration specified herein as a complete compromise of matters involving disputed issues of law and fact and that they fully assume the risk that the facts or the law may be otherwise than they believe.

The **RELEASING PARTIES** further represent and warrant that all bills for doctor, hospital, drug, or other health care expenses, past and future, for which anyone could set a lien upon the settlement have already been paid or are now being paid out of this settlement, and

therefore there will be no unpaid bills. The **RELEASING PARTIES** further understand and agree that, in the unlikely event that there are outstanding medical expenses or other health care expenses, the **RELEASING PARTIES** will pay or be solely responsible for paying all doctor, hospital, drug or other health care expenses, past and future, incurred by, for or on behalf of the **RELEASING PARTIES**.  **The RELEASING PARTIES expressly agree to defend, indemnify and hold harmless the RELEASED PARTIES from any liability or claim of liability for the payment of such doctor, hospital, drug or other health care expenses, and from any liability, claim of liability or lien, known or unknown, that has been or may be alleged under any federal, state or municipal law, statute or ordinance or otherwise, regardless of whether such claim arises in whole or in part by the negligence of the RELEASED PARTIES.**  Such indemnification shall include, but is not limited to, the amounts of said claims and the cost of defending them, including attorneys' fees and court cost.

The **RELEASING PARTIES** represent and warrant that they are the sole owners of the claims being released herein, and that they have not transferred, assigned, subrogated or otherwise encumbered said claims or any part thereof.

The **RELEASING PARTIES** represent and warrant that they have made a full and complete investigation of circumstances surrounding the facts of the above-referenced cause and this Release and Agreement, aided by their legal counsel, and that they have full knowledge of all facts involved and have authority to enter into and execute the Full and Final Release and Agreement.

The **RELEASING PARTIES** further represent and warrant that they understand this to be a full, final and complete settlement, and one which cannot be reopened at any time in the future regardless of what might take place or later occur.

In making this Release and Agreement, the **RELEASING PARTIES** have not relied upon any statements or representations pertaining to this matter made by the **RELEASED PARTIES** or by any person or persons representing the **RELEASED PARTIES**.

The **RELEASING PARTIES** represent and warrant that they have carefully read this Release and Agreement, understand the contents thereof, that they have conferred fully with their attorneys concerning the contents and legal consequences of the execution thereof and that they execute this Release and Agreement of their own free will, act and deed.

Any and all claims against the **RELEASED PARTIES** not specifically released herein, if any, which are in any way related to or arise out of matters which are the subject of the above-described incident or could have been asserted as a result of the above-described incident are hereby assigned in full to the **RELEASED PARTIES**.

If any provision of this Release and Agreement is prohibited by law, such prohibition shall not affect the validity of the remaining provisions of this Release and Agreement.

This Release and Agreement shall be governed by and construed in accordance with the laws of the State of Texas in all respects, including matters of construction, interpretation, validity and enforcement.

This Release and Agreement contains the entire agreement between the parties hereto, and the terms of this Release are contractual and not mere recitals.

**WITNESS OUR HANDS** on this the _____ day of _____, 2004.


_____
**LLOYD JAMES LIZAKOWSKI**

APPROVED AS TO FORM:


BALCH, PERRY, RASMUSSEN AND SOUTHARD


BY: _____
       **CHARLES E. PERRY**
       State Bar No. 15799700

1101 Scott Avenue, #17
Wichita Falls, Texas 76301
(940) 761-3344 Telephone
(940) 761-3355 Facsimile

**ATTORNEYS FOR LLOYD
JAMES LIZAKOWSKI**




HERMES SARGENT BATES, L.L.P.


BY: _____
       **DAVID L. SARGENT**
       State Bar No. 17648700
       **CHUCK W. SHIVER II**
       State Bar No. 00792832

1717 Main Street, Suite 3200
Dallas, Texas 75201
(214) 658-6500 Telephone
(214) 658-6300 Facsimile

**ATTORNEYS FOR THERMAGAS, INC.**

STATE OF TEXAS                          §
                                        §
COUNTY OF _____               §

   **BEFORE ME,** the undersigned authority, on this day personally appeared **LLOYD**

**JAMES LIZAKOWSKI,** known to me to be the person whose name is subscribed to the

foregoing instrument, and acknowledged to me that he has read the foregoing, and fully

understands it to be a complete release of all claims as described therein, and an agreement of

indemnity as described therein, and that he executed the same for the purposes and consideration

expressed therein.

   **GIVEN UNDER MY HAND AND SEAL OF OFFICE** this _____ day of

_____, 2004.


         _____

         **LLOYD JAMES LIZAKOWSKI**


         _____

         Notary Public in and for
         The State of Texas


         _____

         Notary's Printed Name

My Commission Expires:


_____

## AFFIDAVIT OF LLOYD JAMES LIZAKOWSKI

**STATE OF TEXAS**                          §
                                            §
**COUNTY OF** _____               §

     **BEFORE ME**, the undersigned authority, on this day personally appeared, Lloyd James Lizakowski, and upon his oath, deposes and states as follows:

1.    "My name is Lloyd James Lizakowski. I am over the age of eighteen years, am of sound mind, and suffer from no legal disabilities. I am fully competent to testify to the matters stated herein upon personal knowledge, which are true and correct.

2.    "I was not ever married, either formally, legally, under common law or in any other way, to Amanda Bryant.

3.    "At no time did I ever co-habitate with Amanda Bryant.

4.    "At no time did I ever have the intent to be married to Amanda Bryant.

5.    At no time did I ever hold out Amanda Bryant and myself as being married.

FURTHER AFFIANT SAYETH NOT"

    Signed on this ____ day of _____, 2004.


                                  _____
                                  **LLOYD JAMES LIZAKOWSKI**


    **SUBSCRIBED AND SWORN TO BEFORE ME** on this _____ day of

_____, 2004.


                                  _____
                                  Notary Public, State of Texas


                                  _____
                                  Printed name:

_____
Commission Expires

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| JAMES A. BRYANT, AS NEXT FRIEND | § | |
| OF BOBBY JAMES LEE BRYANT, A | § | |
| MINOR; SYBIL SANCHEZ | § | |
| TEMPORARY ADMINISTRATRIX OF | § | |
| THE ESTATE OF AMANDA BRYANT, | § | |
| DECEASED; SYBIL SANCHEZ, | § | |
| INDIVIDUALLY; BOB LEMONS & | § | |
| LLOYD LIZAKOWSKI | § | CIVIL ACTION NO. 7-04CV-114-R |
| | § | (JURY) |
| PLAINTIFFS | § | |
| | § | |
| V. | § | |
| | § | |
| GIACOMINI, S.p.A. | § | |
| DEFENDANT | § | |

**PLAINTIFF, SYBIL SANCHEZ, INDIVIDUALLY, RESPONSE TO
FIRST REQUEST FOR ADMISSIONS
OF DEFENDANT GIACOMINI, S.p.A.**

To:  GIACOMINI, S.p.A., Defendant, by and through Defendant's
attorney of record, JOHN W. WEBER, JR.

NOW COMES SYBIL SANCHEZ, Plaintiff, Individually and responds

to the Requests for Admissions, propounded by GIACOMINI, S.p.A.

pursuant to Rule 36, of the Federal Rules of Civil Procedure.

Respectfully submitted,

LAW OFFICE OF GREGORY L. UNDERWOOD,
P.C.

By: _____
Gregory L. Underwood
Texas Bar No. 20386000
607-B Lindsay St.
Bowie, Texas  76230
Tel. (940)872-1362
Fax. (940)872-4211
Attorney for Plaintiff
BILL DeVORE



C:\litigati\bryant\amanda\respons.adm                          1

## CERTIFICATE OF SERVICE

I certify that on May ___24___ , 2005, a true and correct copy of Plaintiff's Response to Requests for Admissions was served by certified mail, return receipt requested on John W. Weber, 300 Convent St., Suite 2200, SanAntonio, Texas 78205-3792.

_____
GREGORY L. UNDERWOOD

CC: Charles E. Perry

### RESPONSE TO REQUST FOR ADMISSIONS

**REQUEST FOR ADMISSION NO. 1:**

Please admit or deny that Exhibit "A" to these Requests for Admissions is a complete and accurate copy of a Release entered into between you and Thermagas, Inc., and Muenster Livestock Auction Commission, Inc. and/or Muenster Livestock Auction.

RESPONSE:        ADMIT


**REQUEST FOR ADMISSION NO. 2:**

Please admit or deny that you received $10,000 in settlement from Thermagas, Inc. for any and all claims or causes of action you have arising from the death of Amanda Bryant.

RESPONSE:        ADMIT


**REQUEST FOR ADMISSION NO. 3:**

Please admit or deny that you received $5,000 in settlement from Muenster Livestock Auction Commission, Inc. and/or Muenster Livestock Auction for any and all claims or causes of action you have arising from the death of Amanda Bryant.

RESPONSE:        ADMIT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| JAMES A. BRYANT, AS NEXT FRIEND OF BOBBY JAMES LEE BRYANT, A MINOR; SYBIL SANCHEZ, TEMPORARY ADMINISTRATRIX OF THE ESTATE OF AMANDA BRYANT, DECEASED; SYBIL SANCHEZ, INDIVIDUALLY; BOB LEMMONS & LLOYD LIZAKOWSKI, <br><br> PLAINTIFFS, <br><br>V. <br><br>GIACOMINI, S.p.A., <br><br> DEFENDANT. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 7-04CV-114-R<br>(Jury) |

## DEFENDANT GIACOMINI, S.p. A.'S REQUESTS
## FOR ADMISSIONS TO PLAINTIFF SYBIL SANCHEZ

TO:   Plaintiff Sybil Sanchez, by and through her attorneys of record:

Mr. Charles E. Perry
**BALCH, PERRY, RASMUSSEN AND SOUTHARD**
1101 Scott Avenue, Suite 17
P.O. Box 8185
Wichita Falls, Texas 76301-8185

Mr. Gregory L. Underwood
607-B Lindsay Street
P.O. Box 151
Bowie, Texas 76230

Defendant Giacomini, S.p.A., pursuant to Rule 36 of the Federal Rules of Civil
Procedure, serves the following Requests for Admissions to Plaintiff SYBIL SANCHEZ, to be
answered within 30 days after service of same.

Respectfully submitted,

John W. Weber, Jr.
State Bar No. 21046500
Joe Bourbois
State Bar No. 00790342
300 Convent Street, Suite 2200
San Antonio, Texas 78205-3792
Telephone: (210) 224-5575
Facsimile: (210) 270-7205

OF COUNSEL:
FULBRIGHT & JAWORSKI L.L.P.

Counsel for Defendant GIACOMINI, S.p.A.

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the following Requests for Admissions has been sent via certified mail, return receipt requested to:

Mr. Charles E. Perry
**BALCH, PERRY, RASMUSSEN AND
SOUTHARD**
1101 Scott Avenue, Suite 17
P.O. Box 8185
Wichita Falls, Texas 76301-8185

Mr. Gregory L. Underwood
607-B Lindsay Street
P.O. Box 151
Bowie, Texas 76230

on this 16th day of May, 2005.

John W. Weber, Jr.

## REQUESTS FOR ADMISSIONS

### REQUEST FOR ADMISSION NO. 1:

Please admit or deny that Exhibit "A" to these Requests for Admissions is a complete and accurate copy of a Release entered into between you and Thermagas, Inc., and Muenster Livestock Auction Commission, Inc. and/or Muenster Livestock Auction.

RESPONSE:

### REQUEST FOR ADMISSION NO. 2:

Please admit or deny that you received $10,000 in settlement from Thermagas, Inc. for any and all claims or causes of action you have arising from the death of Amanda Bryant.

RESPONSE:

### REQUEST FOR ADMISSION NO. 3:

Please admit or deny that you received $5,000 in settlement from Muenster Livestock Auction Commission, Inc. and/or Muenster Livestock Auction for any and all claims or causes of action you have arising from the death of Amanda Bryant.

RESPONSE:

## FULL AND FINAL RELEASE AND AGREEMENT

STATE OF TEXAS     §
                             §     **KNOW ALL MEN BY THESE PRESENTS:**
COUNTY OF DALLAS    §

For and in consideration the sum of **TEN THOUSAND AND NO/DOLLARS ($10,000.00)**, to be paid by **THERMAGAS, INC.**, and the sum of **FIVE THOUSAND AND NO/DOLLARS ($5,000.00)**, to be paid by or on behalf of **MUNSTER LIVESTOCK AUCTION COMMISSION, INC.** and/or **MUNSTER LIVESTOCK AUCTION**, the mutual covenants contained herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged and confessed, the undersigned, **SYBIL SANCHEZ,** for herself, her heirs, her spouses, executors, administrators, estate, legal representatives, assigns and all others claiming under them (hereinafter collectively referred to as **"RELEASING PARTIES"**); do hereby fully and completely compromise, settle, remise, release and forever discharge **THERMAGAS, INC., NOBEL INSURANCE SERVICES, LANCER INSURANCE GROUP and HERMES SARGENT BATES, L.L.P., MUNSTER LIVESTOCK AUCTION COMMISSION, INC., MUNSTER LIVESTOCK AUCTION, ONEBEACON LLOYD'S OF TEXAS and ONEBEACON INSURANCE,** and all of the above parties' past and present agents, servants, legal representatives, employees, and any and all other persons, business entities, firms, organizations or corporations in privity with these named parties, whether named herein or not (hereinafter collectively referred to as the **"RELEASED PARTIES"**) from any and all claims, debts, demands, actions, causes of action, lawsuits, sums of money, contracts, agreements, judgments and liabilities whatsoever, including claims for property damage, loss of use of property, diminution of value of property, rental expenses,

FULL AND FINAL RELEASE AND AGREEMENT - Page 1
#158072

personal injuries, exemplary damages, negligent entrustment, mental anguish, breach of contract, bad faith, breach of duty of good faith and fair dealing, violations of the Insurance Code or the Texas Deceptive Trade Practices Act, both at law and in equity (hereinafter collectively referred to as "Claims"), which the **RELEASING PARTIES** ever had, now has or may hereafter have against any of the **RELEASED PARTIES**, jointly or severally, for or by reason of any matter, cause or thing whatsoever occurring prior to the date of this instrument, whether known or unknown, suspected or unsuspected, arising, directly or indirectly, and including, without in any way limiting the generality of the foregoing, any Claims which in any way relate to, arise out of or are in any way connected with the alleged injuries and damages arising out of a fire related event/incident on or about June 17, 2002.

For the aforesaid consideration, the **RELEASING PARTIES**, hereby agree on behalf of themselves and their assigns, never to bring suit in any court against any or all of the **RELEASED PARTIES** with respect to any Claims which in any way relate to, arise out of or are in any way connected with the alleged injuries and damages arising out of an incident on or about June 17, 2002. The **RELEASING PARTIES** agree to fully and completely indemnify and hold harmless the **RELEASED PARTIES** for all costs and expenses, claims, losses, causes of action, suits, liability of any kind, whether directly or indirectly, for contribution or indemnity, or otherwise, incurred by them in the event anyone ever institutes suit or files a claim against any one or all of the **RELEASED PARTIES** with respect to the allegations which are, or could have been, the subject matter of the above-mentioned incident, regardless of whether such claims arise in whole or in part by the negligence of the **RELEASED PARTIES**; such indemnification shall include, but is not limited to, legal fees, court costs, reasonable and necessary litigation expenses, costs for investigation and preparation of any defense, as well as any pre-judgment or post-

judgment awards on a judgment amount, and amount of any judgment.

The **RELEASING PARTIES** herein acknowledge that the **RELEASED PARTIES** have denied and continue to deny all allegations made by the **RELEASING PARTIES** in, or in connection with, the above-described incident, and that the settlement of the above-described claims, the payment of the above-described sums, and any other actions taken by the **RELEASED PARTIES** in connection therewith, shall not be deemed or construed as an admission of liability of any of the **RELEASED PARTIES** or an admission of the truthfulness of any of the allegations made by the **RELEASING PARTIES** and/or their attorneys. Rather, the **RELEASING PARTIES** acknowledge said actions have been taken in order to avoid the expense and inconvenience of prosecution of a lawsuit.

The **RELEASING PARTIES** further acknowledge and agree that this Release and Agreement is a general release of all claims against the **RELEASED PARTIES** that they currently have or might have, as well as any and all future claims, and they further expressly waive and assume the risk of any and all claims for damages which might exist as of this date, but which the **RELEASING PARTIES** do not know or do not expect to exist, whether through ignorance, oversight, error, negligence, or otherwise, and which, if known, would materially affect their decision to enter into this Release and Agreement. The **RELEASING PARTIES** further agree that they have accepted consideration specified herein as a complete compromise of matters involving disputed issues of law and fact and that they fully assume the risk that the facts or the law may be otherwise than they believe.

The **RELEASING PARTIES** further represent and warrant that all bills for doctor, hospital, drug, or other health care expenses, past and future, for which anyone could set a lien upon the settlement have already been paid or are now being paid out of this settlement, and

therefore there will be no unpaid bills. The **RELEASING PARTIES** further understand and agree that, in the unlikely event that there are outstanding medical expenses or other health care expenses, the **RELEASING PARTIES** will pay or be solely responsible for paying all doctor, hospital, drug or other health care expenses, past and future, incurred by, for or on behalf of the **RELEASING PARTIES**. **The RELEASING PARTIES expressly agree to defend, indemnify and hold harmless the RELEASED PARTIES from any liability or claim of liability for the payment of such doctor, hospital, drug or other health care expenses, and from any liability, claim of liability or lien, known or unknown, that has been or may be alleged under any federal, state or municipal law, statute or ordinance or otherwise, regardless of whether such claim arises in whole or in part by the negligence of the RELEASED PARTIES.** Such indemnification shall include, but is not limited to, the amounts of said claims and the cost of defending them, including attorneys' fees and court cost.

The **RELEASING PARTIES** represent and warrant that they are the sole owners of the claims being released herein, and that they have not transferred, assigned, subrogated or otherwise encumbered said claims or any part thereof.

The **RELEASING PARTIES** represent and warrant that they have made a full and complete investigation of circumstances surrounding the facts of the above-referenced cause and this Release and Agreement, aided by their legal counsel, and that they have full knowledge of all facts involved and have authority to enter into and execute the Full and Final Release and Agreement.

The **RELEASING PARTIES** further represent and warrant that they understand this to be a full, final and complete settlement, and one which cannot be reopened at any time in the future regardless of what might take place or later occur.

In making this Release and Agreement, the **RELEASING PARTIES** have not relied upon any statements or representations pertaining to this matter made by the **RELEASED PARTIES** or by any person or persons representing the **RELEASED PARTIES**.

The **RELEASING PARTIES** represent and warrant that they have carefully read this Release and Agreement, understand the contents thereof, that they have conferred fully with their attorneys concerning the contents and legal consequences of the execution thereof and that they execute this Release and Agreement of their own free will, act and deed.

Any and all claims against the **RELEASED PARTIES** not specifically released herein, if any, which are in any way related to or arise out of matters which are the subject of the above-described incident or could have been asserted as a result of the above-described incident are hereby assigned in full to the **RELEASED PARTIES**.

If any provision of this Release and Agreement is prohibited by law, such prohibition shall not affect the validity of the remaining provisions of this Release and Agreement.

This Release and Agreement shall be governed by and construed in accordance with the laws of the State of Texas in all respects, including matters of construction, interpretation, validity and enforcement.

This Release and Agreement contains the entire agreement between the parties hereto, and the terms of this Release are contractual and not mere recitals.

**WITNESS OUR HANDS** on this the ___19th___ day of ___April___, 2004.

_Sybil Sanchez_
SYBIL SANCHEZ